**A.T.X. EXPORT, LTD., Plaintiff,**

v.

**Ronnie MENDLER, 198 Marketing, Inc., and D.G.S., Inc., Defendants.**

**No. 94 Civ. 2721 (MGC).**

United States District Court, S.D. New York.

April 26, 1994.

MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

This is an action for the recovery of chattels and damages for other common law claims. The only basis for federal jurisdiction pleaded in the complaint is diversity of citizenship. Plaintiff added a federal claim under Section 43 of the Lanham Act, 15 U.S.C. § 1125, in the joint pre-trial order, but that claim was withdrawn at trial. Both the plaintiff and the individual defendant are citizens of Israel. The defendant is also a permanent resident of New York. Because both the plaintiff and the individual defendant are citizens of a foreign sovereign, this court does not have subject matter jurisdiction over a suit between them.

In 1988, Congress enacted the Judicial Improvements and Access to Justice Act for the purpose of further reducing the diversity jurisdiction of federal courts. The Act increased the minimum amount in controversy requirement and eliminated the citizenship of a legal representative as a basis for diversity jurisdiction. The Act also added the following language to the diversity statute, 28 U.S.C. 1332(a):

> For the purposes of this section ... an alien admitted to the United States for permanent residence shall be deemed a

citizen of the State in which such alien is domiciled.

This provision was intended to restrict, not expand, diversity jurisdiction. It was designed to preclude federal jurisdiction in an action in which a resident alien is sued by a citizen of the same state. This provision was not intended to expand the diversity jurisdiction of federal courts in the case of resident aliens. For a comprehensive discussion of the legislative history of the statutory amendment and the judicial interpretation of Article III of the Constitution, see Judge McKenna's fine opinion in *Lloyd's Band PLC v. Norkin*, 817 F.Supp. 414 (S.D.N.Y.1993).

Under both the Constitution of the United States and the Judiciary Act, a federal court lacks the power to entertain a suit by one citizen of a foreign state against another. Accordingly, the complaint in this action is dismissed.

SO ORDERED.