**Maria Del Carmen Jauregui BANCI, Plaintiff,**

v.

**Bernardo Enrique Jose WRIGHT, Defendant.**

**No. 98–1132–Civ.**

United States District Court, S.D. Florida, Miami Division.

Feb. 23, 1999.

---

Martin A. Feigenbaum, Miami, FL, for plaintiff.

Bernardo Enrique Jose Wright, Rancho Murieta, CA, defendant pro se.

## FINAL ORDER OF DISMISSAL

SEITZ, District Judge.

THIS CAUSE came before the Court on January 29, 1999, for a hearing on Plaintiff Maria Del Carmen Jauregui Banci's Motion for Summary Judgment, filed July 15, 1998 [D.E. No. 6]; Plaintiff's Motion to Strike Unauthorized Pleading and for Re-

1. On July 7, 1998,. Defendant responded to the allegations of the complaint via letter.

newed Motion for Entry of Default, filed July 15, 1998 [D.E. No. 9]; and Defendant Bernardo Enrique Jose Wright's Motion to Dismiss, filed September 10, 1998 [D.E. No. 14], as well as on the issue of the Court's jurisdiction over this matter.

## FACTUAL BACKGROUND

In her original complaint, Plaintiff Banci alleged that she is a resident of Miami, Dade County, Florida, and that Defendant Wright is a resident of the State of California, or alternatively, a citizen of the nation of Ecuador. Plaintiff claims that she and the Defendant entered into a contractual relationship in Miami, Florida, on or about June 9, 1993, whereby Defendant agreed to pay to Plaintiff in Miami, Florida, two (2) payments of $175,000.00 each, representing Plaintiff's interest in a joint enterprise with Defendant. Defendant allegedly never made either payment, and this action for breach of contract thereafter ensued.[1]

On July 15, 1998, Plaintiff moved for final summary judgment in her favor. By letter dated September 10, 1998, Defendant responded by asserting that the Court lacks jurisdiction over this matter because both he and Plaintiff are citizens of Ecuador, and because this matter arises out of divorce proceedings that took place in Ecuador. Defendant also contends that he was not in the United States at the time the contract was purportedly signed, and has provided the Court with photocopies of his Ecuadorian passport to verify entry and exit dates. Plaintiff did not respond to Defendant's argument. The Court shall treat the parties' filings as cross-motions for summary judgment. Before the Court can reach the merits of this case, however, it must first address the issue of jurisdiction.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure direct that "whenever it appears by

The Court deems that letter to be an answer to the complaint.

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Fed.R.Civ.P.* 12(h)(3). For subject matter jurisdiction, diversity must be complete. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir.1989) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). "Diversity of citizenship 'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'" *Buti v. Impressa Perosa, S.R.L.*, 935 F.Supp. 458, 461 (S.D.N.Y. 1996), *aff'd*, 139 F.3d 98 (2d Cir.), *cert. denied*, ⸺ U.S. ⸺, 119 S.Ct. 73, 142 L.Ed.2d 57 (1998) (citation omitted). Lack of jurisdiction cannot be waived, and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation. *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.1988), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989). The burden of proving that complete diversity exists rests upon the party seeking to invoke the Court's jurisdiction. *Leonard v. Kern*, 651 F.Supp. 263, 264 (S.D.Fla.1986).

### ANALYSIS

In this case, subject matter jurisdiction is premised on diversity pursuant to 28 U.S.C. § 1332(a). That statute provides, *inter alia*, that this Court has original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 in value and:

is between —

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state ... as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Section 1332(a) further provides that, "For purposes of this section ... an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."

### A. Sufficiency Of Plaintiff's Original Complaint.

■ As noted, Plaintiff asserted in her original complaint that she is "a resident of Miami–Dade County, Florida." However, "an allegation that a party is a resident of a certain state is not a sufficient allegation of [her] citizenship in that state." *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995, 92 S.Ct. 534, 30 L.Ed.2d 547 (1971). Thus, the Court found that Plaintiff had failed to establish diversity jurisdiction. *Kerney v. Ft. Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir.1980). Accordingly, at the January 29th hearing, the Court *sua sponte* dismissed the complaint. However, based upon the representation of counsel for Plaintiff that he believed Plaintiff to be a United States citizen, the Court granted Plaintiff ten days to file an amended complaint that would adequately establish the Court's jurisdiction. Plaintiff filed her amended complaint on February 8, 1999. The Court now turns to Plaintiff's amended pleading to determine whether it has jurisdiction over this action.

### B. The Court's Jurisdiction Over The Amended Complaint.

■ In her amended complaint, Plaintiff now asserts that she is "a citizen of the State of Florida and whose domicile is in Miami, Miami–Dade County" and that she "is deemed a citizen and resident of the State of Florida because, pursuant to 28 U.S.C. 1332(a)(1), because (sic) she is an alien lawfully admitted to the United States for permanent residence (Registration No. A42–079–833) since November 17, 1992." *See* Amended Complaint, ¶ 2.[2] The

**2.** Plaintiff further asserts that Defendant "is a

citizen of a foreign state, that is, the sovereign

issue, therefore, is what affect, if any, does Plaintiff's status as a permanent resident alien have on the Court's jurisdiction? This is a case of first impression.[3]

Pursuant to 28 U.S.C. § 1332(a), permanent resident aliens are deemed to be citizens of the State in which they reside.[4] This deeming provision, however, was not intended to extend the reach of the Court's diversity jurisdiction beyond its traditional bounds and thereby permit a foreign alien to sue another alien living in another state. Indeed,

> [d]espite the plain language of § 1332(a), the alienage amendment 'clearly appears to have been intended only to eliminate subject matter jurisdiction of cases between a citizen and an alien living in the same state.' ... There is no reason to conclude, however, that the amendment was intended to create diversity jurisdiction where it did not previously exist.

*Saadeh v. Farouki*, 107 F.3d 52, 60 (D.C.Cir.1997) (quoting *Lloyds Bank PLC v. Norkin*, 817 F.Supp. 414, 419 (S.D.N.Y. 1993)) (concluding that Congress intended to contract diversity jurisdiction, not expand it). *See also Arai v. Tachibana*, 778 F.Supp. 1535, 1543 (D.Haw.1991) (holding that "absolutely nothing in the legislative history indicates any congressional intent to alter the state of the law regarding complete diversity for alienage jurisdiction purposes."); *A.T.X. Export, Ltd. v. Mendler*, 849 F.Supp. 283, 284 (S.D.N.Y.1994) (holding that deeming provision "was in-

tended to restrict, not expand, diversity jurisdiction."); *Woods–Leber v. Hyatt Hotels of Puerto Rico, Inc.*, 951 F.Supp. 1028, 1030–31 (D.P.R.1996), *aff'd*, 124 F.3d 47 (1st Cir.1997) (noting that "it is agreed that this 'deeming' provision was at least designed to prevent 'the incongruity of permitting a permanent resident alien living next door to a citizen to invoke federal jurisdiction for a dispute between them while denying a citizen living across the street the same privilege.' " (citation omitted)).

Based upon the thorough and persuasive analysis of the courts in *Saadeh*, *Lloyds*, and *Arai*, this Court finds that the law does not confer jurisdiction where a permanent resident alien is suing a citizen of a foreign state (or is suing a permanent resident alien residing in another State), and to hold otherwise would require an unconstitutional application of Section 1332(a)'s deeming provision. *See Buti*, 935 F.Supp. at 462–63 (finding no jurisdiction over action between permanent resident alien and foreign corporation); *Engstrom v. Hornseth*, 959 F.Supp. 545, 553 (D.P.R. 1997) (holding that, because there was no indication that Congress intended to abrogate complete diversity, a literal application of the deeming provision would violate the Constitution).[5] Indeed, Article III of the United States Constitution limits the Court's jurisdiction to, *inter alia*, controversies between "citizens of different States" and controversies between "a

---

country of Ecuador located in South America." *See* Amended Complaint, ¶ 3.

**3.** If Plaintiff was in fact a citizen of Ecuador, as alleged by Defendant, and not a permanent resident alien of the United States, the law is abundantly clear that the Court would lack jurisdiction. Indeed, federal diversity subject matter jurisdiction may not be invoked in a suit solely between aliens. *Cabalceta*, 883 F.2d at 1557.

**4.** The Eleventh Circuit has held that "the permanent resident alien provision of § 1332(a) applies only to aliens who have received permission from the INS to remain permanently in this country." *Foy v. Schantz, Schatzman*

*& Aaronson, P.A.*, 108 F.3d 1347, 1349 (11th Cir.1997).

**5.** The Third Circuit Court of Appeals has also recognized the potential unconstitutional application of Section 1332(a)'s deeming provision when applied in a case such as the one *sub judice*, i.e., where a permanent resident alien is the sole plaintiff and a citizen of a foreign country is the sole defendant. *See Singh v. Daimler–Benz, A.G.*, 9 F.3d 303, 311–12 (3d Cir.1993). In *Singh*, however, the Third Circuit found that it did not need to reach the precise issue before this Court as, in that case, a citizen party was present, thereby satisfying minimal diversity.

State, or the Citizens thereof, and foreign States, Citizens or Subjects." U.S. Const. art. III, § 2. "It is clear that Article III of the Constitution does not give Congress the power to grant the federal courts jurisdiction over an action between two aliens." *Lloyds Bank,* 817 F.Supp. at 416 (citing *Mossman v. Higginson,* 4 U.S. (4 Dall.) 12, 14, 1 L.Ed. 720 (1800)). Accordingly, the Court concludes that it lacks jurisdiction over this matter.

### *CONCLUSION*

Because the Court concludes that it lacks subject matter jurisdiction over this matter, it is

ORDERED that this action be and the same is hereby DISMISSED. All pending motions are DENIED AS MOOT, and this case is CLOSED.