Shlomo MARCUS, Jewelry Dynasty, Inc., Plaintiffs,

v.

"FIVE J" JEWELERS PRECIOUS METALS INDUSTRY LTD., Joseph Berger, Alon Berger, Defendants.

No. 99Civ.10870(SHS).

United States District Court, S.D. New York.

Sept. 7, 2000.

---

41.    308 F.2d 326, 327 (D.C.Cir.1962).

**OPINION & ORDER**

STEIN, District Judge.

Plaintiffs Shlomo Marcus and Jewelry Dynasty, Inc. brought this diversity action against defendants "Five J" Jewelers Precious Metals Industry Ltd. ("Five J"), Joseph Berger, and Alon Berger to recover for services rendered by Marcus while working as an agent of Five J to sell jewelry. Defendants have moved, prior to discovery proceedings, to dismiss the complaint for lack of subject matter jurisdiction on the grounds that complete diversity of citizenship is destroyed by the Israeli citizenship of plaintiff Marcus and the three defendants. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

Shlomo Marcus is a citizen of Israel who has been domiciled in New York since 1984 and became a permanent U.S. resident on July 11, 1985. *See* Aff. of Shlomo Marcus, dated Aug. 2, 2000, ¶¶ 3, 5; Aff. of Shlomo Marcus, dated Feb. 20, 2000, ¶ 81. At all relevant times, Marcus was an employee of plaintiff Jewelry Dynasty, Inc., a New York corporation engaged in the business of selling gold jewelry. *See* Compl. ¶¶ 4, 9. Five J is an Israeli corporation that maintains its principal place of business in Tel Aviv, Israel.[1] *See* Compl. ¶ 5; Aff. of Richard S. Kanowitz, dated Jan. 5, 2000, ¶ 1. The Bergers are citizens and residents of Israel and are officers of Five J. *See* Compl. ¶¶ 6–7; Kanowitz Aff. ¶ 1; *see also Aviner v. "Five J" Jewelers Precious Metals Indus., Ltd.*, No. 99 Civ. 1800, slip op. at 2–4 (S.D.N.Y. Oct. 18, 1999) (dismissing suit against Five J and Joseph and Alon Berger on forum non conveniens grounds); Kanowitz Aff., Ex. E.

Marcus was employed by Five J as a sales agent beginning in 1989 with duties including the solicitation of customers for Five J in the United States. *See* Compl. ¶¶ 11–12. Although Marcus claims to have fulfilled his duties as an sales agent, defen-

---

1. Five J existed as a New York corporation from 1985 through 1993, at which time it was dissolved by proclamation. *See* Marcus Aff., dated Feb. 20, 2000, ¶ 95 & Ex. D; Aff. of Robert L. Rimberg, dated Feb. 21, 2000, ¶ 30. This fact is irrelevant to the present motion, however, since diversity of citizenship is determined with respect to the facts as of the time the complaint is filed. *See Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam); *Wolde Meskel v. Vocational Instruction Project Community Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999).

dants have allegedly refused to pay Marcus the compensation to which they previously had agreed. *See id.* ¶¶ 27, 33; *see generally* Marcus Aff., dated Feb. 20, 2000. The complaint seeks compensation for five state law causes of action based on quasi-contract, account stated, fraudulent inducement, unjust enrichment, and quantum meruit. *See* Compl. ¶¶ 22–43. The complaint asserts that the Court "has jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity between the parties and the amount in controversy exceeds $75,000." *Id.* ¶ 1.

## DISCUSSION

### I. Standard

"[A]t the initial stage of litigation, a party seeking to establish jurisdiction need only make a prima facie showing by alleging facts which, if true, would support the court's exercise of jurisdiction." *New Moon Shipping Co. v. Man B&W Diesel Ag,* 121 F.3d 24, 29 (2d Cir.1997) (citing *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981)). "[T]he facts must be viewed in the light most favorable to the plaintiff," and "[a] disputed fact may be resolved in a manner adverse to the plaintiff only after an evidentiary hearing." *Id.* (citations omitted).

### II. Diversity jurisdiction

■ Subject matter jurisdiction premised on diversity of the parties' citizenship is governed by 28 U.S.C. § 1332.[2] Prior to 1988, the courts of appeals uniformly held that this statute "did not confer jurisdiction over a lawsuit involving an alien on one side, and an alien and a citizen on the other side." *Saadeh v. Farouki,* 107 F.3d 52, 55 (D.C.Cir.1997) (collecting cases); *see Buti v. Impressa Perosa, S.R.L.,* 935 F.Supp. 458, 461–62 (S.D.N.Y.1996) (collecting Second Circuit cases), *aff'd on other grounds,* 139 F.3d 98 (2d Cir.), *and cert. denied,* 525 U.S. 826, 119 S.Ct. 73, 142 L.Ed.2d 57 (1998). This narrow holding was the product of two general principles: first, that "Article III of the Constitution does not give Congress the power to grant the federal courts jurisdiction over an action between two aliens"; and second, that the diversity statute requires "complete diversity" in the sense that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Lloyds Bank PLC v. Norkin,* 817 F.Supp. 414, 416–18 (S.D.N.Y. 1993) (quotation omitted). Although the first principle is a matter of constitutional law, the requirement of complete diversity is not, since the Constitution itself requires not complete diversity but "only minimal diversity, that is, diversity of citizenship between any two parties on opposite sides of an action, regardless of whether other parties may be co-citizens." *Saadeh,* 107 F.3d at 54 (citation omitted). For almost two centuries, federal courts have consistently required complete diversity of the parties as a matter of statutory construction. *See, e.g., Owen Equipment & Erec-*

---

**2.** At the time the complaint was filed in this action, 28 U.S.C. § 1332 provided, in pertinent part, as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
  (1) citizens of different States;
  (2) citizens of a State and citizens or subjects of a foreign state;
  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States. For the purposes of this section ..., an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.
  ....
(c) For the purposes of this section and section 1441 of this title-
  (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business....

28 U.S.C. § 1332(a), (c)(1).

*tion Co. v. Kroger,* 437 U.S. 365, 373–77 & n. 13, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267–68, 2 L.Ed. 435 (1806), *overruled on other grounds, Louisville, Cincinnati & Charlestown R.R. Co. v. Letson,* 43 U.S. (2 How.) 497, 555, 11 L.Ed. 353 (1844); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.,* 87 F.3d 44, 47 (2d Cir.1996).

In 1988, however, Congress amended 28 U.S.C. § 1332, effective May 18, 1989, to add the following provision: "For the purposes of this section ..., an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a); *see* Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, § 203, 102 Stat. 4642, 4646 (1988). Courts have uniformly agreed that this provision eliminates diversity jurisdiction of suits in which a permanent resident alien appears opposite a citizen of the alien's state of domicile. *See Engstrom v. Hornseth,* 959 F.Supp. 545, 549 (D.P.R. 1997). For example, pursuant to the 1988 amendment, Marcus—a permanent resident alien domiciled in New York—is deemed to be a citizen of New York; therefore, there would be no diversity jurisdiction were he to sue another citizen of New York. Courts have sharply disagreed, however, whether the added provision creates diversity jurisdiction of suits in which a permanent resident alien appears opposite another alien. *Compare Singh v. Daimler–Benz AG,* 9 F.3d 303, 305–12 (3d Cir.1993), *with Saadeh,* 107 F.3d at 57–61 (D.C.Cir.1997). *See generally* 15 James Wm. Moore, Moore's Federal Practice § 102.78, at 102–146 to—148.4 (Daniel R. Coquillette et al. eds., 3d ed.2000).

■ This Court concludes that the 1988 revision to 28 U.S.C. § 1332 does not expand diversity jurisdiction to encompass this latter category of suits, for substantially the same reasons as set forth in the prior decisions of other judges of the Southern District of New York. *See Buti,*

935 F.Supp. at 460–63; *A.T.X. Export, Ltd. v. Mendler,* 849 F.Supp. 283, 283–84 (S.D.N.Y.1994); *Lloyds Bank PLC,* 817 F.Supp. at 415–19. To begin with, "the language of a statutory provision, if clear and unambiguous on its face, is presumed to bear its plain meaning unless the text suggests an absurd result." *Nussle v. Willette,* 224 F.3d 95, 100 (2d Cir.2000). Here, adhering strictly to the statutory language would indeed produce an absurd result, since "to find subject matter jurisdiction, the Court [would have to] conclude that Congress abandoned the rule of complete diversity, enunciated nearly two hundred years ago in *Strawbridge* and regularly applied since to, *inter alia,* actions with aliens on both sides, but did so without comment." *Lloyds Bank PLC,* 817 F.Supp. at 418. Thus, recourse to the legislative history of the provision is appropriate, and that history indicates Congress' purpose was to narrow, rather than to expand, the scope of diversity jurisdiction. *See Saadeh,* 107 F.3d at 57–61; *Lloyds Bank PLC,* 817 F.Supp. at 418–19; *Arai v. Tachibana,* 778 F.Supp. 1535, 1538–40 & n. 6 (D.Haw.1991); H.R.Rep. No. 100–889, at 22–23, 44–45 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 5983–84, 6005; 134 Cong. Rec. S31,049–55 (1988) (statement of Sen. Heflin).

Because the requirement of complete diversity is preserved, application of this provision to the facts of this case becomes straightforward. There is no dispute that Marcus is "an alien admitted to the United States for permanent residence" within the meaning of 28 U.S.C. § 1332(a). *See Foy v. Schantz, Schatzman & Aaronson,* 108 F.3d 1347, 1349 (11th Cir.1997); Aff. of Shlomo Marcus, dated Aug. 2, 2000, Ex. A. Nor is there any dispute that Joseph and Alon Berger are citizens of Israel and that Five J is an Israeli corporation. Accordingly, all defendants and one plaintiff to the action are aliens, complete diversity is lacking, and this Court therefore lacks diversity jurisdiction over the action.

### III. Constitutional challenges

Marcus contends that this result violates both the equal protection and the due process guarantees of the due process clause of the Fifth Amendment to the U.S. Constitution because it draws impermissible distinctions between permanent resident aliens and United States citizens and infringes upon his right of access to the courts.[3] However, those arguments are without merit.

■■■ With respect to Marcus' equal protection challenge, interpretation and application of the diversity statute in this manner rests on two general principles, as explained above: first, that federal diversity jurisdiction does not extend to an action between two aliens; and second, the requirement of complete diversity. *See Lloyds Bank PLC,* 817 F.Supp. at 416–18. The complete diversity requirement is neutral, however, since it only requires that the generally applicable rules of diversity jurisdiction be satisfied with respect to each and every plaintiff and defendant to a particular action. Only the first principle draws a distinction between permanent resident aliens and United States citizens, and that distinction derives from the Constitution itself. Article III provides that "[t]he judicial Power shall extend ... to all Controversies ... between a State, or the Citizens thereof, and foreign States, Citizens, and Subjects." U.S. Const. art. III § 2. However, Article III fails to provide similarly for diversity jurisdiction of controversies exclusively between citizens and subjects of foreign states. Because potentially discordant constitutional provisions should be construed harmoniously, *see United States v. Kirvan,* 86 F.3d 309, 314 (2d Cir.1996), Marcus' equal protection claim must fail.

■■ With respect to the due process challenge, Marcus misperceives the nature of the right of access to the courts. "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits of federal jurisdiction, whether imposed by the Constitution or Congress, must be neither disregarded nor evaded." *Owen,* 437 U.S. at 374, 98 S.Ct. 2396; *see RTC Mortgage Trust v. City of New York,* No. 96 Civ. 5432, 1997 WL 630117, at *2 (S.D.N.Y. Oct. 9, 1997). Thus, the right of access to the courts is not the right of a litigant to have every conceivable state-law claim heard in a federal forum; rather, it is the right of a litigant to access to the forum designated by the legislature for the claim asserted, *see Lewis v. Casey,* 518 U.S. 343, 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Monsky v. Moraghan,* 127 F.3d 243, 246–47 (2d Cir.1997), or at a minimum to " 'some form of hearing' " prior to the governmental deprivation of a protected property interest, *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428–33, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 570–71 n. 8, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

■ In the present case, Congress has simply barred diversity jurisdiction in actions where the presence of aliens opposite one another destroys complete diversity; as such, no federal forum has been designated by Congress. In addition, the resulting lack of a federal forum is not tantamount to a deprivation of Marcus' property interest in his state law claims, since he remains free to bring those claims (or their equivalents) either in the courts of New York or in the courts of Israel. Because Marcus may bring suit in Israel, this result is also consonant with the dual purposes of alienage jurisdiction, namely, to avoid entanglements with foreign sovereigns by protecting aliens from local prejudices and to safeguard the rights of aliens pursuant to federal treaties with foreign sovereigns. *See Mati-*

---

**3.** Marcus also argues that this result draws an impermissible distinction between permanent resident aliens and illegal aliens. However, pursuant to this Court's construction of the amended 28 U.S.C. § 1332, both permanent resident aliens and illegal aliens are treated on equal footing when appearing in an action opposite other alien parties.

*mak Trading Co. v. Khalily,* 118 F.3d 76, 82–83 (2d Cir.1997).

Accordingly, Marcus' equal protection and due process challenges are rejected.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is hereby granted.