**Olga M. CHAVEZ–ORGANISTA, Plaintiff,**

**v.**

**John VANOS, et al, Defendant(s).**

**CIVIL NOS. 99–1551(JAG), 99–2002(JAG).**

United States District Court, D. Puerto Rico.

June 19, 2002.

---

Rafael Gonzalez-Velez, Santurce, PR, for Plaintiffs.

Charles S. Hey-Maestre, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff, Olga Mirella Chavez Organista ("plaintiff") brought suit against defendants John Vanos, Rosa Vanos and the conjugal partnership constituted by them ("defendants"). Jurisdiction is allegedly premised on diversity of citizenship. Plaintiff invokes this Court's diversity jurisdiction based on her status of non resident alien and defendants' alleged status of permanent resident aliens domiciled in Puerto Rico. (Docket 67). Defendants, however, aver that this Court does not have subject matter jurisdiction based on diversity of citizenship. (Docket 10).

## PROCEDURAL BACKGROUND

On May 17, 2002, the Court made a preliminary assessment of the non-existence of diversity jurisdiction based on the facts and the pleadings [1], (Dockets 1, 10, 16, 19, 44), and ordered the parties to show cause by May 23, 2002, as to why the Court should not dismiss the case for lack of subject matter jurisdiction. The Court specifically ordered the parties to provide the Court with **verified documents** supporting the existence of diversity jurisdiction at the commencement of the action.

On May 23, 2002, plaintiff provided the Court with a copy of defendants' Case Management Memorandum where defendants alleged that they were residents of Puerto Rico and that upon information and belief plaintiff was a resident of Florida. The Court carefully revised this document, and held that plaintiff failed to show cause inasmuch as she did not furnish the Court with **verified documents** supporting the existence of diversity jurisdiction at the commencement of the action. The Court, however, afforded the parties a second opportunity to submit **verified documents,** and gave the parties until **June 6, 2002** to comply with the Court's order.

On July 7, 2002 the Court issued a Memorandum and Order dismissing the case for lack of subject matter jurisdiction inasmuch as the parties did not submit the requested verified documents to show that the Court had subject matter jurisdiction over the Complaint. Later on that date, plaintiff filed verified documents to demonstrate that at the commencement of the action defendants were domiciled in Puerto Rico [2]. (Docket 67 at 3). On June 12, 2002, plaintiff filed a motion seeking reconsideration of the Court's June 7, 2002 Memorandum and Order (Docket No. 68). For the reasons set forth below, the Court **DENIES** plaintiff's motion.

1. It is a standard rule that Federal Courts do not have diversity jurisdiction over cases where there are aliens on opposing sides of the action. 28 U.S.C.A. § 1332.

2. Defendants have not responded to any of the Court's orders.

## DISCUSSION

■ Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. *See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir.1994)(*citing F.D.I. Corp. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)); *Cherena v. Coors Brewing Co.*, 20 F.Supp.2d 282, 286 (D.P.R.1998); *National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir.1990). Although plaintiff's motion does present verified documents that were not available to the Court when it made its prior ruling, the same are insufficient, as a matter of law, to establish that the Court has subject matter jurisdiction over the Complaint. In her submissions to the Court, plaintiff avers that at the time of the commencement of the action she was a non resident alien. (Docket 67 at 2). Furthermore, plaintiff submitted co-defendant John Vanos' deposition to prove that at the commencement of the action defendants were foreign citizens domiciled in Puerto Rico. Plaintiff concludes that the Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332(a) inasmuch as she is a nonresident alien and defendants are permanent resident aliens domiciled in Puerto Rico. (Docket 67 at 5). We disagree. While plaintiff's arguments would suffice if defendants were United States citizens, a separate analysis is required in this case, given defendants' status as citizens of foreign nations.

■ Under the federal diversity statute, diversity may exist between "citizens of a State and citizens or subjects of a foreign state." ` 28 U.S.C. § 1332(a)(2). Since defendants are citizens of foreign nations, there is an apparent basis for "alienage jurisdiction" under § 1332(a)(2). In 1988 Congress amended 28 U.S.C.

§ 1332, to add . the following provision: "For the purposes of this section ... an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." Id. § 1332(a). Plaintiff contends that defendants are to be deemed "American Citizens" pursuant to the 1988 Amendment of § 1332(a) inasmuch as defendants were domiciled in Puerto Rico pursuant to Puerto Rico Law. Plaintiff, however, misapprehends the "permanent resident" requirement of the statute. "To be a citizen of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state." See *Jones v. Law Firm of Hill & Ponton*, 141 F.Supp.2d 1349, 1355 (M.D.Fla.2001). *See also In Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347,(11th Cir.1997). (Only an alien who has established legal permanent residence i.e., obtained a "green card" can be considered a "citizen" of an American state.) Thus, the evidence submitted by plaintiff is insufficient to establish that defendants are aliens admitted to the United States for permanent residence within the meaning of 28 U.S.C. § 1332(a). Nevertheless, even if plaintiff had submitted such evidence, the Court would still have had to dismiss the Complaint for lack of subject matter jurisdiction.

■ Several Courts, including this District Court, have held that the plain language of the 1988 Amendment to § 1332 could not govern inasmuch as it expands diversity jurisdiction to cases where a permanent resident alien residing in state A sues only a permanent resident alien residing in state B or a nonresident alien, thus exceeding the limits of Article III. *See Saadeh v. Farouki*, 107 F.3d 52, 61 (D.C.Cir.1997).(The 1988 amendment to § 1332 did not confer jurisdiction between

aliens, regardless of their resident status.) *Engstrom v. Hornseth,* 959 F.Supp. 545, 553 (D.Puerto Rico 1997)("... the language with which Congress sought to eliminate alienage jurisdiction 'between neighbors' also seems to lend itself to an entirely unintended and almost surely unconstitutional interpretation that, in addition, represents a break with an unbroken line of precedent stretching back to the beginning of the nineteenth century."). *See also Matsuda v. Wada,* 128 F.Supp.2d 659, 667 (D.Haw.2000); *Lee v. Trans American Trucking Service, Inc.,* 111 F.Supp.2d 135, 142 (E.D.N.Y.1999); *China Nuclear Energy Industry Corp. v. Andersen,* LLP, 11 F.Supp.2d 1256, 1258–60 (D.Colo.1998); *Buti v. Impressa Perosa,* 935 F.Supp. 458, 462 (S.D.N.Y.1996); *A.T.X. Export, Ltd. v. Mendler,* 849 F.Supp. 283, 284 (S.D.N.Y.1994); *Lloyds Bank PLC v. Norkin,* 817 F.Supp. 414, 418–19 (S.D.N.Y.1993); *Arai v. Tachibana,* 778 F.Supp. 1535, 1542 (D.Haw.1991). Accordingly, we conclude that the 1988 revision to § 1332 does not expand diversity jurisdiction to encompass this category of suits, for substantially the same reasons as set forth in the prior decisions of other federal courts. *Id.*

 To begin with, it is well established that when "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters," the intentions of the drafters must be controlling. *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982). Furthermore, "where an otherwise acceptable construction of a statute would raise serious constitutional problems", a court must "construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress." *Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Construction Trades Council,* 485 U.S. 568, 575, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988). Here, adhering

strictly to the plain language of the statute would produce an unconstitutional result, since "to find subject matter jurisdiction, the Court [would have to] conclude that Congress abandoned the rule of complete diversity, enunciated nearly two hundred years ago in *Strawbridge* and regularly applied since to, inter alia, actions with aliens on both sides, but did so without comment." *Lloyds Bank PLC,* 817 F.Supp. at 418. "Thus, recourse to the legislative history of the provision is appropriate," *Marcus v. Five J Jewelers Precious Metals Industry Ltd.,* 111 F.Supp.2d 445, 448 (S.D.N.Y.2000), and that history reveals that Congress' sole intention was to eliminate diversity jurisdiction in suits where a permanent resident alien and a United States Citizen of the alien's state of domicile appear on opposing sides of the action, rather than to expand, the scope of diversity jurisdiction. *See Engstrom,* 959 F.Supp. at 549. Hence, the 1988 Amendment to § 1332 does not rid defendants of their alien status. *See Saadeh,* 107 F.3d at 61; *Matsuda,* 128 F.Supp.2d at 667; *Marcus,* 111 F.Supp.2d at 448; *Lee,* 111 F.Supp.2d at 142; *China Nuclear Energy Industry Corp.,* LLP, 11 F.Supp.2d at 1258–60; *Engstrom,* 959 F.Supp. at 553; *Buti,* 935 F.Supp. at 462; *A.T.X. Export, Ltd.,* 849 F.Supp. at 284; *Lloyds Bank PLC,* 817 F.Supp. at 419; *Arai,* 778 F.Supp. at 1542.

## CONCLUSION

Thus, inasmuch as plaintiff on the one side and defendants on the other are aliens, the Court lacks jurisdiction over an action between these parties. Accordingly the Court **DENIES** plaintiff's motion to reconsider its prior ruling. (Docket 70).

IT IS SO ORDERED.